# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Rickel Marquavius Daniel Jeffries,  )<br>                                                          )<br>                      Plaintiff,          )<br>                                                          )<br>vs.                                                  )<br>                                                          )<br>General Assembly of S.C.; Alan  )<br>Wilson, *Attorney General*; Joe Kernell; )<br>Hobart Lewis, *Sheriff*; James E.  )<br>Hudson, *Magistrate*; Cindy Crick,  )<br>*Head Solicitor;* Scotty Bodiford; Mark )<br>Keel, *Chief of S.L.E.D.*,               )<br>                                                          )<br>                      Defendants.       )<br>_____ ) | Civil Action No. 6:25-cv-12313-TMC<br><br>**ORDER** |

Plaintiff Rickel Jeffries, a pretrial detainee proceeding *pro se* and *in forma pauperis*, (ECF No. 8), filed this action pursuant to 42 U.S.C. § 1983, (ECF No. 1). Now before the court is the magistrate judge's Report and Recommendation,[1] recommending the court dismiss this action without issuance and service of process and without leave to amend. (ECF No. 9). Plaintiff filed objections to the Report, (ECF No. 13), and this matter is ripe for review.

## BACKGROUND

In his complaint, Plaintiff provides that, on May 21, 2025, an unnamed deputy with the Greenville County Sheriff's Department pulled him over for an alleged traffic violation. (ECF No. 1-1 at 1). According to Plaintiff, the deputy opened the door to Plaintiff's vehicle, forced Plaintiff outside, and searched it, all without Plaintiff's consent. *Id*. After the deputy found a weapon in the vehicle, Plaintiff was taken to the Greenville County Detention Center ("GCDC"). *Id*. Plaintiff

---

[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings.

1

claims he was never given a ticket for a traffic violation, but that Defendant Judge James Hudson issued two warrants for Plaintiff's arrest. *Id*. Plaintiff provides Judge Hudson shares the same address as Deputy Bryan C. Holcombe, who is the affiant on the warrants. *Id*. Based on the foregoing, Plaintiff contends the following constitutional and/or statutory rights were violated: "neutral [and] detached clause, illegal search [and] seizure, probable cause of the 4th Amendment. 18 U.S.C. Sec. 1962 (R.I.C.O.), 42 U.S.C. Sec. 1981, 42 U.S.C. Sec. 1985, 18 U.S.C. Sec. 241." (ECF No. 1 at 5). For relief, Plaintiff seeks compensatory and punitive damages of $11,300,000, declaratory relief of his Fourth Amendment rights, injunctive relief "directing the magistrates out [of] the law enforcement center," and a temporary restraining order and preliminary injunction protecting him from "any more illegal acts by Hobart Lewis." *Id*. at 7. Plaintiff concluded his complaint with: "I'll amend this Complaint More detailed, please get the case started." (ECF No. 1-1 at 1).

The magistrate judge issued a Report and Recommendation ("Report"), finding, among other things, the complaint is frivolous, that the named defendants are immune from suit and/or are otherwise entitled to dismissal, and that the complaint fails to state a claim for relief. (ECF No. 9). As such, the magistrate judge recommends the district court dismiss this action without issuance and service of process and without leave to amend. *Id*. at 14. The day after the magistrate judge issued his Report, the court received additional documents from Plaintiff with the caption "Amend Plaintiff and Complaint," wherein Plaintiff sets forth additional details concerning the traffic stop, including that he was pulled over for an allegedly improper turn and tinted license plate, that a canine unit was dispatched, and that the deputy claimed he had probable cause once the canine alerted. (ECF No. 11). Thereafter, Plaintiff filed objections to the Report, which consist of the additional documents he submitted at ECF No. 11, as well as documents captioned "response

to Report and Recommendation." (ECF No. 13). The court will review Plaintiff's objections under the appropriate standard set forth below.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report **to which a specific objection** is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious

3

case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460-61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985))).

## DISCUSSION

### I.     Younger Abstention

As noted, in addition to damages, Plaintiff seeks equitable relief in the form of, among other things, an injunction and a declaration concerning his Fourth Amendment rights. (ECF No. 1 at 7). The magistrate judge found that "[t]o the extent Plaintiff's claims are brought to challenge the charges pending against him or to challenge his present incarceration at the Greenville County Detention Center, such claims are not properly before this Court based on the *Younger* abstention doctrine." (ECF No. 9 at 13). The magistrate judge determined abstention from such claims is appropriate because there are ongoing state judicial proceedings that implicate important state interests and that there is an adequate opportunity to raise Plaintiff's constitutional claims in the state proceedings. *Id*. He concluded, stating "[a] ruling in Plaintiff's favor in this case would call

4

into question the validity of the state court criminal proceedings against him and would significantly interfere with those ongoing state proceedings." *Id*. at 14.

Plaintiff did not address the magistrate judge's *Younger* findings in his objections at ECF No. 13. However, following the deadline for filing objections, Plaintiff filed a "motion to have the federal courts enjoin pending state prosecution under the [bad faith/harassment] Exception to Younger abstention." (ECF No. 18 at 1). Therein, he argues Magistrate Judge *O'Brien*, who is not a party to this case, "falsified" the notice of Plaintiff's right to a preliminary hearing because Judge O'Brien indicated on the notice that he is located in "summary court" when his office is actually located in "the jail." *Id*. Plaintiff reiterates his position that this violates the neutral and detached requirement and provides "[t]he claims in this case are grounds to join my state proceeding."[2] *Id*.

First, the court agrees with the magistrate judge that there are ongoing state judicial proceedings that implicate important state interests and that there is an adequate opportunity to raise Plaintiff's constitutional claims in those proceedings. Further, despite Plaintiff's untimely assertion to the contrary, Plaintiff has failed to establish any exception to the *Younger* doctrine, including the bad faith/harassment exception.[3] Accordingly, the court adopts the magistrate judge's finding that, to the extent Plaintiff seeks this court's interference in the prosecution of his state criminal charges, this court should abstain. Plaintiff's motion to enjoin those proceedings

---

[2] This argument has been made by other GCDC detainees in other actions filed around the same time. *See, e.g.*, *Lafoy v. O'Brien*, No. 6:25-cv-10732; *Meredith v. Lipinski*, No. 6:25-cv-9189; *Jackson v. O'Brien*, No. 6:25-cv-7813; *Lindsey v. Simmons*, No. 6:25-cv-7592; *Hudgins-Smith v. Simmons*, No. 6:25-cv-7590; *Robinson v. Keel*, No. 6:25-cv-6747; *Childers v. Bratcher*, No. 6:25-cv-6742; *Morgan v. Kernell*, No. 6:25-cv-6735; *Wilson v. McElrath*, No. 6:25-cv-6092; *White v. Foster*, No. 6:25-cv-4633; *Nicholson v. Simmons*, No. 6:25-cv-4632.

[3] The court adds that Plaintiff recently filed a petition for a writ of habeas corpus seeking release from his incarceration. *Jeffries v. Bodiford*, 25-cv-12731. Therein, he argued, among other things, the bad faith exception to the *Younger* doctrine justified this court's intervention in his ongoing state criminal proceedings. The court denied the petition and dismissed the case.

(ECF No. 18) is hereby **DENIED**. Since Plaintiff also seeks damages from the named defendants, the court will continue its review of his claims.

## II.     Plaintiff's Allegations

### 1. Cindy Crick, the State of South Carolina, and the South Carolina General Assembly

Plaintiff does not make any specific allegation against Defendants Cindy Crick, the State of South Carolina, and the South Carolina General Assembly in his filings with this court. Thus, according to the magistrate judge, "no plausible claim is stated against them" and they are entitled to dismissal from this action.[4] (ECF No. 9 at 5-6). Plaintiff does not object to the magistrate judge's findings as to these defendants, and, finding no clear error, the court adopts the magistrate judge's recommendation and dismisses these defendants from this action.

### 2. James E. Hudson

Plaintiff maintains in his objections that Defendant James Hudson, a Greenville County Magistrate Judge, was not "neutral and detached" when he issued the arrest warrants because he shared the same address as the deputy who signed the warrants. (ECF Nos. 1-1 at 1; 13 at 6). Because issuing a warrant is a judicial act within the subject matter jurisdiction of Defendant Hudson and because Plaintiff has set forth no legitimate challenge to Defendant Hudson's jurisdiction to issue such warrants, the court agrees with the magistrate judge and finds Defendant Hudson is entitled to judicial immunity and dismissal from this action. *See Forrester v. White*, 484 U.S. 219, 227 (1988) (explaining the doctrine of judicial immunity "is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches") (emphasis in original);

---

[4] As additional bases supporting their dismissal, the magistrate judge determined Defendant Crick, the Thirteenth Judicial Circuit Solicitor, is entitled to prosecutorial immunity and that the State of South Carolina and South Carolina General Assembly are protected under the Eleventh Amendment. *Id*. at 7-8.

*Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023) (acknowledging that judicial immunity "protects the judicial acts [judges] undertake as part of their public service," and explaining immunity "is absolute" and "not only protects judges from ultimate liability in a case, but also serves as a complete bar to suit"). *See also Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (providing "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'") (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Benson v. O'Brien*, 67 F.Supp.2d 825, 831 (N.D. Ohio 1999) (finding "[t]he issuance of a warrant falls within the realm of 'judicial acts'" and that "[b]ecause issuing a warrant is a function normally performed by a judge, absolute immunity should be granted to the judicial defendants" in this case) (quoting *Liffiton v. Keuker*, 850 F.2d 73, 76 (2nd Cir. 1988)).

### 3. Joe Kernell and Scotty Bodiford

Initially, the court notes that Plaintiff failed to allege any specific allegations against Defendant Joe Kernell, the Greenville County Administrator, or Defendant Scotty Bodiford, the "Jail Administrator," in his complaint. In his objections to the Report, however, Plaintiff contends he is bringing claims for "negligent entrustment" and "administrative and supervisor" liability against these individuals because they allow magistrate judges to operate in the same facilities as law enforcement centers. (ECF No. 13-1 at 2). Even assuming Plaintiff's allegations against these individuals are timely raised, Defendants Kernell and Bodiford are subject to dismissal because Plaintiff has failed to allege facts to support either claim against either individual. *See Gadson v. ECO Servs. of S. Carolina, Inc.*, 648 S.E.2d 585, 588 (S.C. 2007) (identifying the elements of a negligent entrustment claim as: "(1) knowledge of or knowledge imputable to the owner that the driver was either addicted to intoxicants or had the habit of drinking; (2) the owner knew or had

7

imputable knowledge that the driver was likely to drive while intoxicated; and (3) under these circumstances, the entrustment of a vehicle by the owner to such a driver"). Plaintiff also failed to establish these defendants had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk of constitutional injury," that either of their responses to such knowledge reflected "deliberate indifference to or tacit authorization of the alleged offensive practices," and that there was an "affirmative causal link between . . . [Defendant Kernell's and/or Defendant Bodiford's alleged] inaction and the particular constitutional injury suffered by . . . [P]laintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted). Accordingly, these objections are overruled.

### 4. Mark Keel, Alan Wilson, and Hobart Lewis

Again, Plaintiff failed to raise any specific objections against Defendants Mark Keel, Alan Wilson, and/or Hobart Lewis in his complaint. In his objections, Plaintiff argues the officer who pulled him over violated section 23-23-150(d) of the South Carolina Code, which he posits prohibits "dangerous or unsafe practices." (ECF No. 13 at 5). Because "every law enforcement agency MUST send SLED a copy of each report made by any officer during the performance of his duties," *id.*, and because a law enforcement agency may request body cam footage related to an internal investigation concerning misconduct, (*id.*), Plaintiff argues this "means SLED and Alan Wilson have continued to see these criminal acts by Hobart Lewis and his deputies and haven't been investigating this organized crime." (ECF No. 13 at 5). According to Plaintiff, this demonstrates a failure to supervise subordinates because Defendant Wilson, as South Carolina's Attorney General, and Defendant Keel, as Chief of SLED, have supervisor responsibility over Defendant Lewis, Greenville County's Sheriff.

8

Even assuming Plaintiff's allegations against these remaining defendants are timely raised, the court finds these defendants are also entitled to dismissal because Plaintiff has failed to state a claim for relief against them. Notably, Plaintiff has failed to allege facts supporting a supervisory liability claim under § 1983, including that there was an affirmative causal link between any of these defendants' inaction and the particular constitutional injury suffered by Plaintiff.[5]

## CONCLUSION

Accordingly, after consideration of Plaintiff's objections and a *de novo* review of the portions of the Report addressed in said objections, the court **ADOPTS** the recommendation in the Report, (ECF No. 9), and this case is hereby **DISMISSED** without issuance and service of process and without leave to amend. Plaintiff's motion to compel[6] (ECF No. 19) is **DISMISSED**

---

[5] After submitting his objections to the Report, Plaintiff filed a motion to appoint counsel wherein he asks the court to appoint counsel to address his "neutral and detached" claim as well as Plaintiff's objections to the Report. (ECF No. 15). "The power to appoint is a discretionary one, but it is an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). When determining whether a case presents exceptional circumstances, the court must "determine (1) whether the plaintiff 'has a colorable claim' and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff 'lacks the capacity to present it.' If both questions are answered affirmatively, the case presents exceptional circumstances." *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (quoting *Whisenant*, 739 F.2d at 163) (internal citations omitted). Even if Plaintiff presented colorable claims, which he has not, such claims are not sufficiently complex to alone justify the appointment of counsel. Further, Plaintiff has failed to establish he lacks the capacity to present his claims. Indeed, Plaintiff provided *no explanation* or reasoning for why he alone cannot present them. Accordingly, the court finds Plaintiff failed to demonstrate the requisite findings to appoint counsel, and, therefore, **DENIES** Plaintiff's motion at ECF No. 15. *See, e.g., Hammock v. Watts*, 146 F.4th 349, 368 (4th Cir. 2025) (ordering the district court to appoint counsel on remand because the plaintiff had pled "colorable claims sufficient to survive a motion to dismiss" and had demonstrated he "lack[ed] the capacity to adequately present his claims").

[6] Following the filing of the Report, Plaintiff filed a motion to compel, asking this court to order the 13th Judicial Circuit to produce the supplemental report, warrants, traffic tickets, and body cam footage. Given the court's findings herein, the court **DISMISSES** the motion as **MOOT**. However, this dismissal is without prejudice to Plaintiff's ability to pursue the same requested relief in the state court, where his criminal case is pending.

and his motion to appoint counsel (ECF No. 15) and motion to enjoin the pending state prosecution (ECF No. 18) are **DENIED** as set forth herein.[7] Finally, though Plaintiff has been instructed on multiple occasions not to include his full social security number on documents submitted with this court, (ECF Nos. 1 at 1; 7 at 4), Plaintiff failed to follow these instructions. The court hereby instructs the Clerk of Court to redact Plaintiff's social security number from ECF Nos. 1-1 at 2-3; 11 at 4-6; 13-1 at 7, 12, 13; 18-1 at 1; 20 at 2-3).

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>Chief United States District Judge

Anderson, South Carolina
November 19, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[7] After filing his objections to the Report, Plaintiff filed what has been docketed as a "motion to file 18 USC sec 1986." (ECF No. 17). However, nowhere in this filing does he ask this court for relief. Accordingly, the Clerk's Office is directed to re-docket this entry as "Supplemental Documents."

Additionally, in a letter recently filed with this court well after the timeframe for filing objections, Plaintiff notes he wishes to amend his complaint to name as a defendant the officer referenced in *some* of the warrants submitted for this court's review. (ECF No. 20). Plaintiff does not explain why he did not originally name this individual in his complaint. Nor does he make any specific allegations against this individual other than that he signed some of the warrants and that there was no probable cause for the search and seizure. Accordingly, even if the case was amended as suggested, such amendment would not cure the deficiencies noted by the magistrate judge, and the case would still be subject to dismissal.